UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMSEAL JOINT SYSTEMS, LTD.<br>Plaintiff,<br><br>v.<br><br>MM SYSTEMS CORPORATION,<br>Defendant, | )<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, EMSEAL Joint Systems, LTD. (hereinafter "EMSEAL" or "Plaintiff"), by and through its undersigned counsel, brings this Complaint for infringement of U.S. Patent No. 6,532,708 (hereinafter "the '708 patent", Exhibit A) seeking damages and injunctive relief arising under 35 U.S.C. § 1 et seq. against Defendant MM Systems Corporation (hereinafter "Defendant").

## PARTIES

1. Plaintiff is a Delaware corporation with a principal place of business at 25 Bridle Lane, Westborough, Massachusetts 01581. Plaintiff is the owner of the '708 patent.

2. On information and belief, the named Defendant, MM Systems Corporation ("Defendant") is a corporation organized under the laws of the State of Georgia, with a principal place of business at 50 MM Way, P.O. Box 98, Pendergrass, GA 30567.

## JURISDICTION AND VENUE

3. This action arises under 35 U.S.C. §1 et seq. including 35 U.S.C. §§271, 281, 283, 284, and 285. Accordingly, this Court has subject matter jurisdiction over this action under 28 U.S.C. §§1331 and 1338.

4. This court has diversity jurisdiction over this action under 28 U.S.C. §1332 since the Plaintiff (Massachusetts) and the Defendant (Georgia) reside in different states and the matter in controversy exceeds the sum or value of $75,000.

5. Defendant is subject to this Court's subject matter jurisdiction under 28 U.S.C. §1400(b) since Defendant has committed acts of infringement and has a regular and established place of business in (Exhibit C) this District, in addition to having installers and certified contractors in Massachusetts (Exhibit C).

6. Defendant is subject to this Court's personal jurisdiction since Defendant has been engaged in substantial and continuous business in this Judicial District. (Exhibit B).

7. Venue is proper under 28 U.S.C. §1391 since Defendant has been engaged in substantial and continuous business in this Judicial District. (Exhibit B)

## FACTUAL BACKGROUND

A. **The '708 Patent**

8. On August 31, 2000, EMSEAL and/or its predecessor in interest filed an application with the United States Patent and Trademark Office (hereinafter the "USPTO") for a U.S. Patent, to which the USPTO assigned Application No. 09/654,932. In Application No.

09/654,932 EMSEAL claimed priority to Canadian Patent No. 2 296 228 which has a priority date of January 18, 2000. Application No. 09/654,932 ultimately issued as the '708 patent on March 18, 2003. Maintenance fees for the '708 patent are paid in full and the '708 patent is in full force. The '708 patent expires August 31, 2020.

9. The '708 patent has 8 claims including five independent claims (i.e., independent claims 1, 4, 6, 7 and 8) directed to various seismic/expansion joint seals and covers. A true and correct copy of the '708 patent is appended hereto as Exhibit A.

**B.   Previous Litigation**

10. On January 21, 2009, Plaintiff filed a Complaint in the U.S. District Court of the District of Minnesota against MM Systems Corporation for infringement of the '708 patent. EMSEAL Joint Systems, Ltd., vs. MM Systems Corporation, (Case No. 0:09-cv-00137-ADMJJK, Doc. No. 1, hereinafter the 0:09 case, Exhibit D). Plaintiff voluntarily dismissed the Complaint without Prejudice. Case No. 0:09-cv-00137-ADMJJK, Doc. No. 4, Exhibit E).

**C.   Defendant's Infringing Products**

11. Defendant's infringing products (hereinafter referred to as "Defendant's infringing products") include, but are not limited to: MM Systems SHD, SSD, SHS and DSS Expansion Joints. (Exhibit F).

12. Defendant manufactures, offers to sell, and sells Defendant's infringing products. (Exhibit G).

13. Defendant sells and installs Defendant's infringing products through a network of factory trained & certified contractors. (Exhibit H).

14. Defendant retains representatives throughout the United States (e.g., Massachusetts) for sale of Defendant's infringing products. (Exhibit C).

15.  Defendant has sold its Expansion Joint Products in Massachusetts. (Exhibit B).

## COUNT I
## INFRINGEMENT OF THE '708 PATENT

16.  Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-16 inclusive, and incorporates them herein by reference.

17.  Pursuant to 35 U.S.C. §287, examples of notice include a letter dated October 1, 2014 to Defendant's attorney. (Exhibit I).

18.  On information and belief, Defendant has and continues to, without license from EMSEAL, infringe the '708 patent under 35 U.S.C. §271(a), by making, using, offering to sell and/or selling Defendant's infringing products directly to consumers and through a network of factory trained & certified contractors, and thereby inducing infringement by the network of factory trained & certified contractors.

19.  EMSEAL has analyzed Defendant's Infringing Products in view of independent claims 4 and 6 demonstrated how Defendant's Infringing Products infringe each element of at least each independent claims 4 and 6 of the '708 patent, either literally or though the doctrine of equivalents.

20.  As a direct and proximate consequence of the acts and practices of Defendant, EMSEAL has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. §284 adequate to compensate for such infringement, but in no case less than a reasonable royalty.

21.  As a direct and proximate consequence of the acts and practices of Defendant, Defendant has also caused, is causing and, unless such acts and practices are enjoined by the

Court, will continue to cause irreparable harm to EMSEAL for which it is entitled to preliminary and permanent injunctive relief under 35 U.S.C. §283.

22. Defendant's acts of infringement are intentional and willful and "exceptional" pursuant to 35 U.S.C. §285.

## COUNT II
## Unjust Enrichment

23. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-23 inclusive, and incorporates them herein by reference.

24. As a result of the conduct of Defendant as described above, and unless the relief sought in this Complaint is granted, Defendant will unjustly benefit from and be unjustly enriched by, their own intentional and wrongful acts.

## PRAYER FOR RELIEF

**WHEREFORE, as relief, Plaintiff respectfully prays for a judgment against Defendant as follows:**

A. Declaring that Defendant infringes at least one claim of the '708 patent literally, and/or under the Doctrine of Equivalents;

B. Declaring that Defendant has actively induced infringement of at least one claim of the '708 patent;

C. Preliminarily and permanently enjoining Defendant from committing further acts of infringement under 35 U.S.C. §271 of any of the claims of the '495 patent, pursuant to 35 U.S.C. §283;

D. Awarding Plaintiff its lost profits and other damages adequate to compensate for Defendant's infringement and unfair trade practices in accordance with 35 U.S.C. §284;

E. Declaring this to be an "exceptional" case within the meaning of 35 U.S.C. §285, entitling Plaintiff to an award of its reasonable attorneys' fees, expenses and costs in this action as well as pre-judgment and post judgment interests;

  F. Declaring Defendant's acts and practices were willful and knowing violations of 35 U.S.C. §271;

  G. Grant damages associated with Defendant's infringing activities be trebled where allowed by law as a result of Defendant's actions complained of herein; and

  H. Grant the Plaintiff such other and further relief as this Court may deem just and equitable.

      Respectfully submitted,

      EMSEAL JOINT SYSTEMS, LTD.

      By Its Attorneys,

      SHEEHAN PHINNEY BASS + GREEN, PA


    By: /s/ Robert R. Lucic
      Robert R. Lucic, BBO No. 677494
      Michael J. Lambert, BBO No. 632053
      Peter A. Nieves, *pro hac vice admission pending*
      255 State Street
      Boston, MA 02019
      (617) 897-5600
      rlucic@sheehan.com

Dated: December 22, 2104


OF COUNSEL:    John H. Mutchler

      Intellectual Property Attorney
      MKG LLC (Formerly Michaud-Kinney Group LLP)
      306 Industrial Park Road, Suite 206
      Middletown, Connecticut  06457-1532
      (860) 632-7200 x308
      Email: mutchler@mkgip.com