UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-14706-RWZ

EMSEAL JOINT SYSTEMS, LTD.

v.

MM SYSTEMS CORPORATION

<u>ORDER</u>

June 18, 2015

ZOBEL, D.J.

      This is a simple case in which a small company is suing its similarly sized competitor for infringing the claims of a single patent.  A look at the docket, however, leaves one wondering if this is destined to be the next <u>Apple, Inc. v. Samsung Electronics Co., Ltd.</u>, No. 11-cv-01846 (N.D. Cal.).  Now pending are defendant MM Systems Corp.'s ("MM") motion to stay the case (Docket # 23); MM's motion for leave to file a supplemental memorandum in support of a stay based on a grant of reexamination (Docket # 43), which plaintiff Emseal Joint Systems, Ltd. ("Emseal") has opposed; MM's motion for leave to file a reply to Emseal's opposition to its motion to file a supplemental memorandum in support of a stay (Docket # 48); Emseal's motion for leave to file a Rule 26(f) discovery plan (Docket # 45); Emseal's motion to compel compliance with its first set of requests for production (Docket # 46); and MM's motion for a protective order granting relief from Emseal's first set of requests for production (Docket # 50).  The court will address the motion to stay at the scheduled hearing, but

this order resolves the rest of the pending motions.[1]

## I.     The Supplemental Memorandum

The day after the United States Patent and Trademark Office ("PTO") granted MM's request for reexamination of the patent-in-suit, MM sought leave to file a two-page supplemental memorandum in support of its motion to stay the case pending action by the PTO. That was entirely appropriate and was even requested by the court at the last conference. Emseal opposes this filing because the motion to stay is already briefed, and it also opposes the substance of the supplemental memorandum to the extent that MM seeks to move up the hearing on the motion to stay (something that the court, acting on its own, has already done). MM seeks to reply to that opposition.

Having already requested that the supplemental memorandum be filed, I ALLOW the motion for leave to file it (Docket # 43) and DENY the motion for leave to reply to the opposition (Docket # 48). I also remind the parties of their obligation to strive for a "just, speedy, and inexpensive determination of [this] action." Fed. R. Civ. P. 1. Engaging in metabriefing about a filing that the court requested (i.e., Emseal's opposition to the motion for leave to file and MM's motion for leave to reply to that opposition) is hardly striving for efficiency.

---

[1] The court reminds the parties to comply with this district's local rules when filing motions. Compare D. Mass. L.R. 7.1(b)(4) (requiring motions to be double-spaced), with, e.g., Docket # 46-1 (1.5-spaced); and D. Mass. CM/ECF Procedure G.4 ("Any memorandum of law . . . filed in support of a main document shall be filed as a separate document, using the proper event."), with, e.g., Docket # 45-2 (memorandum of law filed as attachment to motion rather than as separate document using the proper event).

**II.      Motion for Entry of Rule 26(f) Electronic Discovery Plan**

Emseal moves for entry of an order about the form of electronic discovery.  As an initial matter, Emseal styles its motion as one under Fed. R. Civ. P. 26(f), but that rule is simply about the parties' obligation to confer about how discovery will be conducted.  What Emseal is really seeking is an order governing the form of electronic discovery, which does not arise under Rule 26(f).  Although the court may order that, nothing in the rules requires it to do so. <u>See, e.g.</u>, Fed. R. Civ. P. 34(b)(2)(E) ("Unless otherwise . . . ordered by the court, these procedures apply to producing documents or electronically stored information . . . .").

Emseal has offered its own proposal for an electronic discovery order, but MM contends that the proposal is unduly burdensome, has unnecessary procedures, and is impractical in this relatively straightforward case.  Moreover, MM contends that the parties are still engaged in negotiations about the terms of their electronic discovery protocol.  The parties are in a much better position than the court to determine their electronic discovery needs and the burdens that certain terms might impose upon them.  Unless the parties reach an absolute impasse, it would be inefficient for the court to insert itself in the negotiations and allow one party to impose its preferred e-discovery terms on the other.  The motion (Docket # 45) is therefore DENIED, but the parties are HEREBY ORDERED to meet and confer about the form of electronic discovery within seven days of this order or, if this case is stayed before that, within seven days of that stay being lifted.  To provide a background rule from which the parties may negotiate, if the court does need to involve itself in the drafting of an electronic discovery protocol, it

will be guided by the model order governing electronic discovery in patent cases issued by the U.S. Court of Appeals for the Federal Circuit's Advisory Council. See E-Discovery Model Order, http://www.cafc.uscourts.gov/images/stories/announcements/Ediscovery_Model_Order.pdf.

### III. The Motion to Compel & Motion for a Protective Order

Two days after the scheduling conference in which the court authorized limited discovery while the PTO considered whether to reexamine the asserted patent, Emseal served MM with a whopping 116 requests for production of documents. In addition to attempting to redefine discovery terms that this district has defined by local rule,[2] Emseal's request seeks discovery on essentially all of MM's products, not just the products involved in this case. See, e.g., Docket # 46-5, definition 9 ("'Defendant's Products' shall include, but is not limited to, its SCF, DSH, SHD, SSD, SHS, DSS and DSS-C Expansion Joints and any product which implements, is adapted to implement, or is used to implement Defendant's Products."). The request seeks "[a]ll sales, testing and engineering files," all financial information, "[a]ll business plans and forecasts," and "[a]ll documents related to the sale of any Defendant business or the offering of any Defendant stock." Id. ¶¶ 26, 34, 43. Leaving no stone unturned, Emseal even seeks "[a]ll documents and things associated with the packaging of Defendant's products" and "[a]ll documents and things associated with the shipment of Defendant's Products." Id. ¶¶ 101-02.

---

[2] Compare D. Mass. L. R. 26.5 (adopting uniform definitions for common discovery terms in this district), with Docket # 46-5 (attempting to redefine some of these uniform definitions).

Some of Emseal's discovery requests may seek relevant material, but they are by no means narrowly tailored and are vastly excessive in number. MM's motion for a protective order (Docket # 50) is ALLOWED.[3] MM is hereby excused from any obligation to comply with Emseal's first set of requests for production.[4] Likewise, Emseal's motion to compel (Docket # 46) is DENIED. It is HEREBY ORDERED that, going forward, each party may only serve up to 30 requests for production. The requests are limited strictly to allegedly infringing products. See, e.g., Mem. & Order on Plaintiffs' Motion to Compel (Docket # 69), Crane Sec. Techs., Inc. v. Rolling Optics AB, C.A. No. 14-12428-LTS (D. Mass. June 12, 2015); Caritas Techs., Inc. v. Comcast Corp., No. 2:05-CV-339-DF, 2006 U.S. Dist LEXIS 94879 (E.D. Tex. Feb. 10, 2006).

    June 18, 2015                                        /s/Rya W. Zobel
         DATE                                                RYA W. ZOBEL
                                                                  UNITED STATES DISTRICT JUDGE

---

[3] Although Emseal has not yet opposed the motion for a protective order, the motion's substance is essentially identical to the now-fully-briefed motion to compel. In the court's view, no additional time or resources needs to be spent briefing this issue.

[4] MM also moves for fees under Rule 37(5)(B), but that motion is denied. Rule 37 compels the court not to order payment of fees if such an award would be unjust. That is the case here. MM could have avoided the motion to compel by moving for a protective order based on the excessive number of requests for production after they were served. Although the court agrees that it was inappropriate for Emseal to serve such broad and excessive requests, it was likewise inappropriate for MM to unilaterally ignore its production obligations without seeking a protective order, particularly in light of the court's instruction at the last scheduling conference that the parties move forward with limited discovery.